ELIZA SALE *v.* VAN BIBBER, et al.

A deputy Clerk is without power to grant an injunction.

The Acts of 1831, p. 102, and 1833, p. 93, as to the damages to be awarded on the dissolution of an injunction, do not apply to the case where an injunction is dissolved restraining the proceedings of an execution during the pendency of an action to annul a will. They apply only to injunctions obtained in cases in which there are judgments in the proper sense of the word, and not *ex parte* orders made by the Judge of a probate court.

Such special damages, only as are alleged and proved, will be allowed on the dissolution of an injunction in a case of this kind.

APPEAL from the District Court of the parish of Caddo, *Land*, J.

*Terrill & Hodge*, for plaintiff. *Beall* and *Crain & Nutt*, for defendants.

MERRICK, C. J. This action was brought to annul a will, and also to enjoin the proceedings of the executors during the pendency of the action of nullity.

The principal complaint made by the appellant in this case is, that the injunction was improperly issued, and that it ought to have been dissolved and damages decreed him for counsel fees as well as costs, instead of which he has been decreed to pay the costs.

The deputy Clerk was without the power to grant the injunction. *Gerald* v. *Gerald*, 5 An., 243; *Wungerter* v. *White*, ibid, 487.

The injunction having been issued by an incompetent person, and being a conservatory process, not necessarily connected with the main action, we think the same ought to have been dissolved, on the motion to dissolve, at the cost of the plaintiff. But the Acts of 1831, p. 102, and 1833, p. 93, as to the damages to be awarded on the dissolution of the injunction, do not apply to the case before us. They apply only to injunctions obtained in cases in which there are judgments in the proper sense of the word, and not *ex parte* orders made by the Judge of a probate court. 15 L. R., 191; 17 L. R., 182; 2 Rob., 180.

Had the defendant suffered damages by the wrongful serving out of the injunction, he should have alleged and proved such special damages. The law will not, in a case of this kind, imply damages at most beyond nominal damages.

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be amended, so far as the same decrees the payment of the costs of the process of injunction issued in this case, to be paid by the defendant, and it is ordered that the plaintiff pay the costs of said injunction, and it is further ordered that the judgment of the lower court, so amended, be affirmed, and that the plaintiff and appellee pay the costs of the appeal.